# Exhibit A

 CT Corporation

**Service of Process Transmittal**
08/10/2020
CT Log Number 538071236

**TO:** Brent Moody
FreedomRoads, LLC
250 Parkway Dr Ste 270
Lincolnshire, IL 60069-4346

**RE:** **Process Served in California**

**FOR:** CWI, INC.  (Domestic State: KY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kayla Milligan, etc., Pltf. vs. CWI, INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | . |
| **COURT/AGENCY:** | None Specified<br>Case # CIVDS2013999 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/10/2020 at 15:20 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780119044797 |
| | Image SOP |
| | Email Notification,  Brent Moody  bmoody@freedomroads.com |
| | Email Notification,  JENNIFER NAPIER  jnapier@campingworld.com |
| | Email Notification,  Lindsey Christen  lchristen@campingworld.com |
| | Email Notification,  Kristin Zobel  kristin.zobel@campingworld.com |
| | Email Notification,  Sandra Brunson  sbrunson@campingworld.com |
| | Email Notification,  Charles Gockenbach  cgockenbach@campingworld.com |
| | Email Notification,  Solomea Young  solomea.young@campingworld.com |
| | Email Notification,  Colleen Mason  colleen.mason@campingworld.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |

Page 1 of  2 / AK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
08/10/2020
CT Log Number 538071236

**TO:** Brent Moody
FreedomRoads, LLC
250 Parkway Dr Ste 270
Lincolnshire, IL 60069-4346

**RE:** **Process Served in California**

**FOR:** CWI, INC.  (Domestic State: KY)

**For Questions:** 866-331-2303
CentralTeam1@wolterskluwer.com

Page 2 of  2 / AK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Mon, Aug 10, 2020

**Server Name:**     Douglas Forrest

**Location:**        Los Angeles, CA-LA

Entity Served        CWI Inc.

Agent Name

Case Number          CIVDS2013999

Jurisdiction         CA-LA



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CWI, INC. d/b/a CAMPING WORLD, a Kentucky Corporation, and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KAYLA MILLIGAN, and on behalf of all others similarly situated,

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>**JUL 08 2020**<br><br>BY _____<br>ANAI CORTEZ-RAMIREZ, DEPUTY |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* San Bernardino Justice Center<br>247 West 3rd Street, San Bernardino, CA 92415 | **CIVDS 2013999** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James Hawkins APLC; 9880 Research Dr., Suite 200, Irvine, CA 92618; 949-387-7200

| DATE:<br>*(Fecha)* | **JUL 08 2020** | Clerk, by<br>*(Secretario)* | **Anai Cortez-Ramirez** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

| [SEAL]<br><br>**Copy** | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):* CWI Inc. d/b/a camping world<br>3. ☒ on behalf of *(specify):* a Kentucky Corporation<br>   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)<br>   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)<br>   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)<br>   ☐ other *(specify):*<br>4. ☒ by personal delivery on *(date)* 8/10/20 |
|---|---|

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

JAMES HAWKINS APLC
James R. Hawkins (192925)
Samantha A. Smith (233331)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Samantha@jameshawkinsaplc.com

Attorneys for Plaintiff Kayla Milligan
individually and on behalf of all others similarly situated

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**JUL 08 2020**

BY _____
ANAI CORTEZ-RAMIREZ, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN BERNARDINO

KAYLA MILLIGAN, and on behalf of all others similarly situated,

Plaintiffs,

v.

CWI, INC. d/b/a CAMPING WORLD, a Kentucky Corporation, and DOES 1-50, inclusive,

Defendants.

CASE NO.: **CIV DS 2 0 1 3 9 9 9**

Assigned For All Purposes To:
Judge:
Dept.:

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Wages;
2. Failure to Provide Meal Periods as Required;
3. Failure to Provide Rest Periods as Required;
4. Failure to Pay Timely Wages;
5. Failure to Provide Accurate Itemized Wage Statements; and
6. Violation of Business & Professions Code § 17200, *et seq.*

**DEMAND FOR JURY TRIAL**

1    Plaintiff Kayla Milligan ("Plaintiff"), individually and on behalf of all others similarly
2  situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby files this
3  Complaint against Defendant CWI, INC. doing business as CAMPING WORLD; and DOES 1-50,
4  inclusive (collectively "Defendants") and alleges on information and belief as follows:

5                    **I.    JURISDICTION AND VENUE**

6    1.    This class action is brought pursuant to California Code of Civil Procedure §382.
7  The monetary damages and restitution sought by Plaintiff exceeds the minimum jurisdiction limits
8  of the California Superior Court and will be established according to proof at trial.

9    2.    This Court has jurisdiction over this action pursuant to the California Constitution
10 Article VI §10, which grants the California Superior Court original jurisdiction in all causes
11 except those given by statute to other courts. The statutes under which this action is brought do not
12 give jurisdiction to any other court.

13    3.    This Court has jurisdiction over Defendants because, upon information and belief,
14 each Defendant either has sufficient minimum contacts in California, or otherwise intentionally
15 avails itself of the California market so as to render the exercise of jurisdiction over it by the
16 California Courts consistent with traditional notions of fair play and substantial justice.

17    4.    Venue is proper in this Court because upon information and belief, one or more of
18 the Defendants, reside, transact business, or have offices in this County and/or the acts or
19 omissions alleged herein took place in this County.

20                           **II.    PARTIES**

21    5.    Plaintiff Kayla Milligan was at all times relevant to this action, a resident of
22 California.  Plaintiff was employed by Defendants from approximately September, 2017 through
23 March, 2020, as a non-exempt employee.

24    6.    Other than identified herein, Plaintiff is unaware of the true names, capacities,
25 relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as
26 DOES 1 through 50, but are informed and believe and thereon alleges that said defendants are
27 legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by
28 such fictitious names. Plaintiff will amend this complaint when their true names and capabilities

1 │ are ascertained.

2 │       7.      Plaintiff is informed and believes and thereon alleges that each defendant, directly

3 │ or indirectly, or through agents or other persons, employed Plaintiff and other members of the

4 │ Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed

5 │ and believe and thereon allege that each Defendant acted in all respects pertinent to this action as

6 │ the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects

7 │ pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

8 │ ### III. CLASS ACTION ALLEGATION

9 │       8.      Plaintiff brings this action individually and on behalf of all others similarly

10 │ situated as a class action pursuant to Code of Civil Procedure § 382. The members of the Class are

11 │ defined as follows:

12 │     All persons who are or have been employed by Defendants as non-exempt employees or
13 │     equivalent positions, however titled, in the state of California within four (4) years from
   │     the filing of the Complaint in this action until its resolution. (collectively referred to as the
14 │     "Class" or "Class Members").

15 │       9.      Plaintiff also seeks to represent the subclass(es) composed of and defined as

16 │ follows:

17 │     Waiting Time Subclass

18 │     All Class members who separated their employment from Defendants within three years
   │     prior to the filing of this action to the present and continuing.
19 │

20 │       10.     Plaintiff reserves the right under California Rule of Court 3.765(b) and other

21 │ applicable laws to amend or modify the class definition with respect to issues or in any other

22 │ ways. Plaintiff is a member of the Class as well the Subclass.

23 │       11.     The term "Class" includes Plaintiff and all members of the Class and the

24 │ Subclass, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this

25 │ complaint.

26 │       12.     There is a well-defined community of interest in the litigation and the proposed

27 │ Class is easily ascertainable through the records Defendants are required to keep.

28 │       13.     Numerosity.  The members of the Class are so numerous that individual joinder

1    of all of them as plaintiffs is impracticable.  While the exact number of the Class Members is

2    unknown to Plaintiff at this time, Plaintiff is informed and believe and thereon alleges that there

3    are at least 100 (one hundred) Class Members.

4         14.      Commonality.   Common questions of law and fact exist as to all Class

5    Members and predominate over any questions that affect only individual members of the Class.

6    These common questions include, but are not limited to:

7              i.      Whether Defendants failed to pay all lawful earned wages to Plaintiff and

8    Class Members;

9              ii.     Whether Defendants failed to accurately pay overtime to Plaintiff and Class

10   Members;

11

12             iii.    Whether Defendants deprived Plaintiff and Class Members of lawful meal

13   periods without compensation;

14             iv.     Whether Defendants deprived Plaintiff and Class Members of lawful rest

15   breaks without compensation;

16             v.      Whether Defendants required Plaintiff and Class Members to remain on

17   premises during rest breaks;

18             vi.     Whether Defendants failed to provide suitable seating;

19             vii.    Whether Defendants provided accurate itemized wage statements pursuant

20   to Labor Code section 226;

21             viii.   Whether Defendants failed to timely pay all wages due to Plaintiff and

22   Subclass members upon termination or within 72 hours of resignation;

23             ix.     Whether Plaintiff and Class Members are entitled to equitable relief

24   pursuant to Business and Professions Code section 17200, *et. seq.*

25        15.      Typicality.  Plaintiff's claims herein alleged are typical of those claims which

26   could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of

27   the relief which would be sought by each member of the Class and/or Subclass in separate actions.

28   Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out

1 | of and caused by Defendants' common course of conduct in violation of California laws,
2 | regulations, and statutes as alleged herein.

3 |      16.       Adequacy.  Plaintiff is qualified to, and will fairly and adequately, protect the
4 | interests of each member of the Class and/or Subclass with whom she has a well-defined
5 | community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges an
6 | obligation to make known to the Court any relationships, conflicts, or differences with any
7 | member of the Class and/or Subclass.  Plaintiff's attorneys and the proposed Counsel for the Class
8 | and Subclass are versed in the rules governing class action discovery, certification, litigation, and
9 | settlement and experienced in handling such matters. Other former and current employees of
10 | Defendants may also serve as representatives of the Class and Subclass if needed.

11 |      17.       Superiority.  A class action is superior to other available means for the fair and
12 | efficient adjudication of the claims of the Class and would be beneficial for the parties and the
13 | court.  Class action treatment will allow a large number of similarly situated persons to prosecute
14 | their common claims in a single forum, simultaneously, efficiently, and without the unnecessary
15 | duplication of effort and expense that numerous individual actions would require.  The damages
16 | suffered by each Class member are relatively small in the sense pertinent to class action analysis,
17 | and the expense and burden of individual litigation would make it extremely difficult or
18 | impossible for the individual Class Members to seek and obtain individual relief.  A class action
19 | will serve an important public interest by permitting such individuals to effectively pursue
20 | recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent
21 | or contradictory judgments raised by individual litigation.

22 |      18.       Public Policy Considerations: Employers in the state of California violate
23 | employment and labor laws everyday.  Current employees are often afraid to assert their rights out
24 | of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because
25 | they believe their former employers may damage their future endeavors through negative
26 | references and/or other means. The nature of this action allows for the protection of current and
27 | former employees' rights without fear or retaliation or damage.

28 |

# IV. FACTUAL ALLEGATIONS

19. At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt hourly positions, however titled, throughout the state of California at Defendants' various California retail locations.

20. Plaintiff is informed and believes that all Class Members are citizens of the state of California.

21. Defendants continue to employ non-exempt employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the generic job duties of retail sales.

22. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

23. Plaintiff is informed and believes, and thereon alleges, that Defendants improperly calculated the overtime rate of pay for Plaintiff and Class Members because the rates did not include non-discretionary wages, including, but not limited to, bonuses, commissions, and/or other incentive pay into the computation of their regular rate of pay for purposes of calculating the overtime rate of pay.

24. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive wages for all time worked (including minimum and overtime wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum and overtime wages) for all hours worked at the proper rates of pay.

25. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and over ten hours in a day without being provided a second lawful meal period as required by law.

26. Indeed, during the relevant time, as a consequence of Defendants' staffing and

scheduling practices, lack of coverage, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and Class Members timely, legally compliant uninterrupted 30-minute meal periods on shifts over five hours as required by law.

27.    Despite the above-mentioned meal period violations, Defendants failed to compensate Plaintiff, and on information and belief, failed to compensate Class Members, one additional hour of pay at their regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner.

28.    Plaintiff is informed and believe, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and Class Members were entitled to receive premium wages based on their regular rate of pay under Labor Code §226.7 but were not receiving such compensation.

29.    In addition, during the relevant time frame, Plaintiff and Class Members were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order.

30.    Plaintiff is informed and believe, and thereon alleges, that Defendants maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such requisite rest periods were not timely authorized and permitted. Plaintiff and Class Members would often work through their rest periods to meet their sales quotas and due to a lack of relief to take a rest period.

31.    In addition, Plaintiff and Class Members were not allowed to leave the premises during rest breaks.

32.    Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff, and on information and belief, did not pay Class Members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

33.    Plaintiff is informed and believe, and thereon alleges, that during the relevant time

1   period, Plaintiff and Class Members were also not provided suitable seating during their work
2   shifts in violation of applicable IWC Wage Orders when employees were not engaged in duties
3   which required them to stand. As such, Defendants failed to provide Plaintiff and Class Members
4   with suitable seating while performing their job duties in violation of California Wage Orders.

5        34.     Plaintiff is informed and believe, and thereon alleges, that Defendants also failed to
6 provide accurate, lawful itemized wage statements to Plaintiff and Class Members in part because
7 of the above specified violations. In addition, upon information and belief, Defendants omitted an
8 accurate itemization of total hours worked, including premiums due and owing for meal and rest
9 period violations, gross pay and net pay figures from Plaintiff's and the Class Members' wage
10 statements.

11        35.     Plaintiff is informed and believes, and thereon alleges, that at all times herein
12 mentioned, Defendants knew that at the time of termination of employment (or within 72 hours
13 thereof for resignations without prior notice as the case may be) they had a duty to accurately
14 compensate Plaintiff and Class Members for all wages owed including minimum wages, meal and
15 rest period premiums, and Defendants had the financial ability to pay such compensation, but
16 willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-
17 specified violations.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY ALL LAWFUL WAGES INCLUDING OVERTIME**

**(Against All Defendants)**

20        36.     Plaintiff incorporates and re-allege each and every allegation contained above as
21 though fully set forth herein.

22        37.     At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class
23 require employers to pay its employees for each hour worked at least minimum wage. "Hours
24 worked" means the time during which an employee is subject to the control of an employer, and
25 includes all the time the employee is suffered or permitted to work, whether or not required to do
26 so, and in the case of an employee who is required to reside on the employment premises, that
27 time spent carrying out assigned duties shall be counted as hours worked.

28        38.     At all times relevant, the IWC wage orders applicable to Plaintiff and Class

1    Members' employment by Defendants provided that employees working for more than eight (8)
2    hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate
3    of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours
4    in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours
5    in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

6         39.     Labor Code §510 codifies the right to overtime compensation at the rate of one and
7    one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or
8    forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for
9    hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the
10   seventh day of work in a particular work week.

11        40.     At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons
12   acting individually as an officer, agent, or employee of another person, who pays or causes to be
13   paid to any employee a wage less than the minimum fixed by an applicable state or local law, or
14   by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated
15   damages payable to the employee, and any applicable penalties pursuant to Section 203…"

16        41.     At all times relevant, Plaintiff and Class Members regularly performed non-exempt
17   work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000,
18   *et. seq.* and the Labor Code.

19        42.     As discussed herein, Defendants did not compensate Plaintiff and class members
20   one additional hour of pay at their regular rate as required by California law, including Labor
21   Code section 226.7 and the applicable IWC wage order, for each day on which lawful meal
22   periods and rest breaks were not authorized and permitted. As a result, Plaintiff and class members
23   were not paid all lawful wages, including minimum wages and overtime wages. Plaintiff is
24   informed and believes, and thereon alleges, that Defendants knew or should have known that
25   Plaintiff and class members were entitled to receive all wages owed yet failed to do so.

26        43.     During the relevant time period, Defendants also failed to pay Plaintiff and Class
27   Members overtime wages at the correct rate due to Defendants' failure to include non-
28   discretionary wages, including, but not limited to, bonuses, commissions, and/or other incentive

1   pay in the computation of their overtime rate of pay, which caused Plaintiff and Class Members to

2   not be paid all overtime wages owed. Accordingly, Defendants owe Plaintiff and Class Members

3   unpaid overtime wages.

4        44.      Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiff and Class Members are

5   entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and

6   attorneys' fees.

7                              **SECOND CAUSE OF ACTION**

8   **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

9                              **(Against All Defendants)**

10       45.      Plaintiff incorporates and re-alleges each and every allegation contained above as

11  though fully set forth herein.

12       46.      Pursuant to Labor Code §512, no employer shall employ an employee for a work

13  period of more than five (5) hours without providing a meal break of not less than thirty (30)

14  minutes in which the employee is relieved of all of his or her duties. An employer may not employ

15  an employee for a work period of more than ten (10) hours per day without providing the

16  employee with a second meal period of not less than thirty (30) minutes, except that if the total

17  hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual

18  consent of the employer and the employee only if the first meal period was not waived.

19       47.      Pursuant to the IWC wage orders applicable to Plaintiff and Class Members'

20  employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of

21  the work of the employee must prevent an employee from being relieved of all duties relating to

22  his or her work for the employer and the employees must consent in writing to the "on duty" meal

23  period. On information and belief, Plaintiff and Class Members did not consent in writing to an

24  "on duty" meal period. Further, the nature of the work of Plaintiff and Class Members was not

25  such that they were prevented from being relieved of all duties. Despite the requirements of the

26  IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and

27  Labor Code §512 and §226.7, Defendants did not provide Plaintiff and Class Members with all

28  their statutorily authorized meal periods.

48.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, timely and uninterrupted meal periods of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

49.     By their failure to provide a compliant meal period for each shift worked over five (5) hours and their failure to provide a compliant second meal period for any shift worked over ten (10) hours per day by Plaintiff and the Class Members, and by failing to provide compensation in lieu of such non-provided meal periods, as alleged above, Defendants violated the provisions of Labor Code sections 226.7 and 512 and applicable IWC Wage Orders.

50.     Plaintiff and the Class Members she seeks to represent did not voluntarily or willfully waive meal periods and were regularly required to work shifts without being provided all of her legally required meal periods. Defendants created a working environment in which Plaintiff and Class Members were not provided all of their meal periods due to shift scheduling and/or work-related demands placed upon them by Defendants as well as a lack of sufficient staffing to meet the needs of Defendants' business as discussed above. On information and belief, Defendants' implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code. On information and belief, Defendants' violations have been widespread throughout the relevant period and will be evidenced by Defendants' time records for the Class Members.

51.     As a result of the unlawful acts of Defendants described herein, Plaintiff and the Class Members she seeks to represent have been deprived of premium wages in amounts to be determined at trial. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided, along with interest and penalties thereon, attorneys' fees, and costs.

1

## THIRD CAUSE OF ACTION

2

**FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF**

3

### (Against All Defendants)

4        52.      Plaintiff incorporates and re-alleges each and every allegation contained above as

5    though fully set forth herein.

6        53.      Pursuant to the IWC wage orders applicable to Plaintiff and Class Members'

7    employment by Defendants, "Every employer shall authorize and permit all employees to take rest

8    periods, which insofar as practicable shall be in the middle of each work period…. [The]

9    authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)

10   minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period

11   time shall be counted as hours worked, for which there shall be no deduction from wages." Labor

12   Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period

13   mandated by an applicable order of the IWC.

14       54.      Defendants were required to authorize and permit employees such as Plaintiff and

15   Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes

16   net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

17   Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members'

18   employment by Defendants, Defendants failed and refused to authorize and permit Plaintiff and

19   Class Members to take ten (10) minute rest periods for every four (4) hours worked, or major

20   fraction thereof.

21       55.      On information and belief Defendants created a working environment in which

22   Plaintiff and Class Members were not provided all of their rest periods due to shift scheduling

23   and/or work-related demands placed upon them by Defendants as well as a lack of sufficient

24   staffing to meet the needs of Defendants' business as discussed above. On information and belief,

25   Defendants implemented a policy and practice which resulted in systematic and class-wide

26   violations of the Labor Code. On information and belief, Defendants' violations have been

27   widespread throughout the relevant period.

28       56.      As a proximate result of the aforementioned violations, Plaintiff and Class

1 │ Members have been damaged in an amount according to proof at time of trial. Pursuant to Labor

2 │ Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for

3 │ each day in which Defendants failed to provide a rest period to Plaintiff and the Class, plus

4 │ interest and penalties thereon, attorneys' fees, and costs.

5 │ **FOURTH CAUSE OF ACTION**

6 │ **FAILURE TO PAY TIMELY PAY WAGES**

7 │ **(Against All Defendants)**

8 │ 57.    Plaintiff incorporates and re-alleges each and every allegation contained above as

9 │ though fully set forth herein.

10 │ 58.    Labor Code §§201-202 requires an employer who discharges an employee to pay

11 │ compensation due and owing to said employee immediately upon discharge and that if an

12 │ employee voluntarily leaves his or her employment, his or her wages shall become due and

13 │ payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-

14 │ two (72) hours previous notice of his or her intention to quit, in which case the employee is

15 │ entitled to his or her wages on their last day of work.

16 │ 59.    Labor Code §203 provides that if an employer willfully fails to pay compensation

17 │ promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for

18 │ waiting time penalties in the form of continued compensation for up to thirty (30) work days.

19 │ 60.    During the relevant time period, Defendants willfully failed and refused, and

20 │ continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and

21 │ unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily

22 │ leaving Defendants' employ. These wages include regular and overtime.

23 │ 61.    As a result, Defendants are liable to Plaintiff and members of the Class for waiting

24 │ time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

25 │ **FIFTH CAUSE OF ACTION**

26 │ **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

27 │ **(Against All Defendants)**

28 │ 62.    Plaintiff incorporates and re-alleges each and every allegation contained above as

- 12 -
CLASS ACTION COMPLAINT

1    though fully set forth herein.

2        63.    Section 226(a) of the California Labor Code requires Defendants to itemize in wage
3    statements all deductions from payment of wages and to accurately report total hours worked by
4    Plaintiff and the Class including applicable hourly rates and reimbursement expenses among other
5    things. Defendants have knowingly and intentionally failed to comply with Labor Code section
6    226 and 204 on wage statements that have been provided to Plaintiff and the Class.

7        64.    IWC Wage Orders require Defendants to maintain time records showing, among
8    others, when the employee begins and ends each work period, meal periods, split shift intervals
9    and total daily hours worked in an itemized wage statement, and must show all deductions and
10   reimbursements from payment of wages, and accurately report total hours worked by Plaintiffs
11   and the Class. On information and belief, Defendants have failed to record all or some of the items
12   delineated in Industrial Wage Orders and Labor Code §226.

13       65.    As a result of Defendants' knowing and intentional failure to comply with Labor
14   Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-
15   protected rights. Specifically, Plaintiff and Class Members have been injured by Defendants'
16   intentional violation of Labor Code § 226(a) because they were denied both their legal right to
17   receive, and their protected interest in receiving, accurate itemized wage statements under Labor
18   Code § 226(a). In addition, Defendants have made it difficult to calculate the amount of wages and
19   compensation owed to Plaintiff and Class Members. Plaintiff has had to file this lawsuit and will
20   be required to conduct discovery and perform computations in order to analyze whether in fact
21   Plaintiff was paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur
22   expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these
23   costs had Defendants provided wage statements accurately showing her regular and overtime rates
24   of pay, among other things. This has also delayed Plaintiff's ability to demand and recover the
25   underpayment of wages from Defendants.

26       66.    Plaintiff and Class Members are entitled to recover from Defendants the greater of
27   their actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or an
28   aggregate penalty not exceeding $4,000 dollars per employee.

1

## SIXTH CAUSE OF ACTION

2

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et.seq.

3

#### (Against All Defendants)

4    67.    Plaintiff incorporates and re-alleges each and every allegation contained above as

5    though fully set forth herein.

6    68.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,

7    unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the

8    general public. Plaintiff seeks to enforce important rights affecting the public interest within the

9    meaning of the California Code of Civil Procedure §1021.5.

10    69.    Defendants' policies, activities, and actions as alleged herein, are violations of

11    California law and constitute unlawful business acts and practices in violation of California

12    Business and Professions Code §§17200, *et seq*.

13    70.    A violation of California Business and Professions Code §§17200, *et seq*., may be

14    predicated on the violation of any state or federal law. Defendants' policies and practices have

15    violated state law in at least the following respects:

16    (a)    Failing to pay all lawful wages owed to Plaintiff and Class

17    Members in violation of Labor Code §§ 510, 1194, 1197 and

18    1198;

19    (b)    Failing to provide lawful uninterrupted meal periods without

20    paying Plaintiff and Class Members premium wages for every day

21    said meal periods were not provided in violation of Labor Code §§

22    226.7 and 512;

23    (c)    Failing to authorize or permit lawful rest breaks without paying

24    Plaintiff and Class Members premium wages for every day said

25    rest breaks were not authorized or permitted in violation of Labor

26    Code § 226.7;

27    (d)    Failing to provide Plaintiff and Class Members with accurate

28    itemized wage statements in violation of Labor Code § 226; and

1           (e)    Failing to timely pay all earned wages to Plaintiff and Class

2                  Members upon separation of employment in violation of Labor

3                  Code §§ 201, 202 and 203.

4      71.    Defendants intentionally avoided paying Plaintiff and Class Members' wages and

5 monies, thereby creating for Defendants an artificially lower cost of doing business in order to

6 undercut their competitors and establish and gain a greater foothold in the marketplace.

7      72.    Pursuant to Business and Professions Code §§ 17200, *et seq*. Plaintiff and Class

8 Members are entitled to restitution of the wages unlawfully withheld and retained by Defendants

9 during a period that commences four years prior to the filing of the Complaint; an award of

10 attorney's fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an

11 award of costs.

12                               **PRAYER FOR RELIEF**

13      Plaintiff, on her own behalf and on behalf of all others similarly situated, prays for relief

14 and judgment against Defendants, jointly and severally, as follows:

15      1.    For certification of the proposed Class and Subclass and any other appropriate

16 subclasses under California Code of Civil Procedure § 382;

17      2.    For appointment of Kayla Milligan as the class representative;

18      3.    For appointment of James Hawkins, APLC as class counsel for all purposes;

19      4.    For general damages;

20      5.    For special damages;

21      6.    For statutory penalties to the extent permitted by law, including those pursuant to

22 the Labor Code and IWC Wage Orders;

23      7.    For restitution as provided by Business and Professions Code §§ 17200, *et seq*.;

24      8.    For an order requiring Defendants to restore and disgorge all funds to each

25 employee acquired by means of any act or practice declared by this Court to be unlawful, unfair

26 or fraudulent and, therefore, constituting unfair competition under Business and Professions

27 Code §§ 17200, *et seq*.;

28

9.     For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties;

10.    For pre-judgment interest;

11.    For reasonable attorney's fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5 and Labor Code § 1194; and

12.    For such other relief as the Court deems just and proper.


Dated: July 7, 2020                         JAMES HAWKINS APLC

                                            By: _____
                                                 James R. Hawkins
                                                 Samantha A. Smith
                                                 Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.


Dated: July 7, 2020                         JAMES HAWKINS APLC

                                            By: _____
                                                 James R. Hawkins
                                                 Samantha A. Smith
                                                 Attorneys for Plaintiff

COPY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Kayla Milligan

vs.

CWI, INC.

Case No: CIV DS 2 0 1 3 9 9 9

### CERTIFICATE OF ASSIGNMENT

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Central _____ District of the Superior Court under Rule 131 and General Order of this court for the checked reason:

☒ General          ☐ Collection

| Nature of Action | Ground |
|---|---|
| ☐ 1. Adoption | Petitioner resides within the district. |
| ☐ 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ 3. Contract | Performance in the district is expressly provided for. |
| ☐ 4. Equity | The cause of action arose within the district. |
| ☐ 5. Eminent Domain | The property is located within the district. |
| ☐ 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 9. Mandate | The defendant functions wholly within the district. |
| ☐ 10. Name Change | The petitioner resides within the district. |
| ☐ 11. Personal Injury | The injury occurred within the district. |
| ☐ 12. Personal Property | The property is located within the district. |
| ☐ 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ 14. Prohibition | The defendant functions wholly within the district. |
| ☐ 15. Review | The defendant functions wholly within the district. |
| ☐ 16. Title to Real Property | The property is located within the district. |
| ☐ 17. Transferred Action | The lower court is located within the district. |
| ☐ 18. Unlawful Detainer | The property is located within the district. |
| ☐ 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ 20. Other Employment | Class Action |
| 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Jobsite Address                                             151 E. Redlands Blvd.
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                    ADDRESS

San Bernardino                    CA              92408
CITY                              STATE           ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on July 7, 2020          at Irvine                    , California.

*Samantha Smith*
Signature of Attorney/Party

Form #13-16503-360
Mandatory Use

CERTIFICATE OF ASSIGNMENT

Rev. June 2019

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>James R. Hawkins, SBN 192925<br>Samantha A. Smith, SBN 233331<br>JAMES HAWKINS APLC<br>9880 Research Dr., Suite 200, Irvine, CA 92618<br>TELEPHONE NO.: 949-387-7200    FAX NO.: 949-387-6676<br>ATTORNEY FOR *(Name):* Kayla Milligan | FOR COURT USE ONLY<br><br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>**JUL 08 2020**<br><br>BY: _____<br>ANAI CORTEZ-RAMIREZ, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: San Bernardino
STREET ADDRESS: 247 West 3rd Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, 92415
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
Milligan v. CWI, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CIV DS 2 0 1 3 9 9 9 |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402): | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
✓ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ✓ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ✓ Large number of witnesses
   b. ✓ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. ✓ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary    b. ✓ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):* 6
5. This case ✓ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 7, 2020
Samantha A. Smith, Esq.
(TYPE OR PRINT NAME)    ▶ *Samantha Smith*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

1   Superior Court of California
    County of San Bernardino
2   247 W. Third Street, Dept. S-26
    San Bernardino, CA  92415-0210

3

4

5

6

7

8

9

10

11   KAYLA MILLIGAN

12

13                    vs.

14

15

16   CWI, INC.

17

18

19

20

21

22

23

24

25

26

27

28

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**JUL 30 2020**

BY _____
ALFRE CERVANTES, DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT

Case No.: CIVDS 2013999

**INITIAL CASE MANAGEMENT
CONFERENCE ORDER**

This case is assigned for all purposes to Judge David Cohn in the Complex

Litigation Program, Department S-26, located at the San Bernardino Justice Center, 247

West Third Street, San Bernardino, California, 92415-0210.  Telephone numbers for

Department S-26 are (909) 521-3519 (Judicial Assistant) and (909) 708-8866 (Court

Attendant).

-1-

## The Initial Case Management Conference

An initial Case Management Conference (CMC) is scheduled for OCT 1 9 2020 at 9:00 a.m.  Due to the social distancing requirements imposed by the COVID-19 pandemic, the initial CMC (and all subsequent CMCs) will be conducted remotely, via CourtCall.  Contact CourtCall at (888) 882-6878 (www.CourtCall.com) to schedule the appearance through CourtCall.   Until further order of the Court, in-person attendance at CMCs is not allowed.[1]

Counsel for all parties are ordered to attend the initial CMC.  If there are defendants who have not yet made a general or special appearance, those parties who are presently before the court may jointly request a continuance of the initial CMC to allow additional time for such non-appearing defendants to make their general or special appearances.   Such a request should be made by submitting a Stipulation and Proposed Order to the Court, filed directly in Department S-26, no later than five court days before the scheduled hearing.

## Stay of the Proceedings

Pending further order of this Court, and except as otherwise provided in this Order, these proceedings are stayed in their entirety.  This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court.  Each defendant, however, is directed to file a Notice of General Appearance (or a Notice of Special Appearance if counsel intends to challenge personal jurisdiction) for purposes of identification of counsel and preparation of a service list.  The filing of a

---

[1] In-person appearances are allowed for motions, but are discouraged.  Until the Pandemic restrictions are lifted, please use CourtCall whenever possible.

1  Notice of General Appearance is without prejudice to any substantive or procedural

2  challenges to the complaint (including subject matter jurisdiction), without prejudice to

3  any denial or affirmative defense, and without prejudice to the filing of any cross-

4  complaint.  The filing of a Notice of Special Appearance is without prejudice to any

5  challenge to the court's exercise of personal jurisdiction.  This stay of the proceedings is

6  issued to assist the court and the parties in managing this case through the

7  development of an orderly schedule for briefing and hearings on any procedural or

8  substantive challenges to the complaint and other issues that may assist in the orderly

9  management of this case.  This stay shall not preclude the parties from informally

10  exchanging documents and other information that may assist them in their initial

11  evaluation of the issues.

12

13

14  ### Service of this Order

15        Plaintiffs' counsel is ordered to serve this Order on counsel for each defendant,

16  or, if counsel is not known, on each defendant within five days of the date of this Order.

17  If the complaint has not been served as the date of this Order, counsel for plaintiff is to

18  serve the complaint along with this Order within ten days of the date of this Order.

19

20  ### Agenda for the Initial Case Management Conference

21        Counsel for all parties are ordered to meet and confer in person no later than ten

22  days before the initial CMC to discuss the subjects listed below.  Counsel

23  must be fully prepared to discuss these subjects with the court:

24

25  1.  Any issues of recusal or disqualification;

26  2.  Any potentially dispositive or important threshold issues of law or fact that, if

27      considered by the court, may simplify or further resolution of the case;

28

3.  Appropriate mechanisms for Alternative Dispute Resolution;

4.  A plan for the preservation of evidence and a uniform system for the identification of documents to be used throughout the course of this litigation, including discovery and trial;

5.  A discovery plan for the disclosure and production of documents and other discovery, including whether the court should order automatic disclosures, patterned on Federal Rule of Civil Procedure 26(a) or otherwise;

6.  Whether it is advisable to conduct discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case;

7.  Any issues involving the protection of evidence and confidentiality;

8.  The use and selection of an electronic service provider;

9.  The handling of any potential publicity issues;

10. Any other issues counsel deem appropriate to address with the court.

**The Joint Report**

Counsel are ordered to prepare a Joint Report for the initial CMC, to be filed directly in Department S-26 (not in the Clerk's office), no later than four court days before the conference date.  The Joint Report must include the following:

1.  Whether the case should or should not be treated as complex;

2.  Whether additional parties are likely to be added and a proposed date by which all parties must be served;

3.  A service list (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses, and fax numbers for all counsel.)

4. Whether the court should issue an order requiring electronic service. Counsel should advise the court regarding any preferred web-based electronic service provider;

5. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case.

6. Whether there are applicable arbitration agreements, and the parties' views on their enforceability;

7. A list of all related litigation pending in this or other courts (state and federal), a brief description of any such litigation, including the name of the judge assigned to the case, and a statement whether any additional related litigation is anticipated;

8. A description of the major factual and legal issues in the case. The parties should address any contracts, statutes, or regulations on which claims or defenses are based, or which will require interpretation in adjudicating the claims and defenses;

9. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

10. A discovery plan, including the time need to conduct discovery and whether discovery should be conducted in phases or limited (and, if so, the order of phasing or types of limitations). With respect to the discovery of electronically stored information (ESI), the plan should include:

    a. Identification of the Information Management Systems used by the parties;

  b. The location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard-drives maintained by custodians);

  c. The types of ESI that will be requested and produced, e.g. data files, emails, etc.;

  d. The format in which ESI will be produced;

  e. Appropriate search criteria for focused requests;

  f. A statement whether the parties will allow their respective IT consultants or employees to participate directly in the meet and confer process.

11. Whether the parties will stipulate that discovery stays or other stays entered by the court for case management purposes will be excluded in determining the statutory period for bringing the case to trial under Code of Civil Procedure Section 583.310 (the Five Year Rule).

12. Recommended dates and times for the following:

  a. The next CMC;

  b. A schedule for any contemplated ADR;

  c. A filing deadline (and proposed briefing schedule) for any anticipated non-discovery motions.

  d. With respect to class actions, the parties' tentative views on an appropriate deadline for a class certification motion to be filed.

To the extent the parties are unable to agree on any matter to be addressed in the Joint Report, the positions of each party or of various parties should be set forth separately. The parties are encouraged to propose, either jointly or separately, any

1  approaches to case management that they believe will promote the fair and efficient

2  handling of this case.

3      Any stipulations to continue conferences or other hearings throughout this

4  litigation must be filed with the court directly in Department S-26 (not in the Clerk's

5  office), no later than four court days before the conference or hearing date.

6

7                          **Informal Discovery Conferences**

8      Motions concerning discovery cannot be filed without first requesting an informal

9  discovery conference (IDC) with the court.  Making a request for an IDC automatically

10  stays the deadline for filing any such motion.  IDCs are conducted remotely, via the

11  BlueJeans Video Conferencing program.  Attendees will need to download the

12  BlueJeans program (available from the app stores for IOS or Android) to a computer,

13  laptop, tablet, or smartphone.  If the device being used does not have camera

14  capability, the BlueJeans application offers an audio-only option.  Video appearance at

15  the IDC, however, is encouraged.  The Court will provide a link to join the conference at

16  the appointed time.  Please provide Department S-26's Judicial Assistant ((909) 521-

17  3519) or Court Attendant ((909) 708-8866) with an e-mail address.  No briefing is

18  required for the IDC, but counsel should lodge (not file) the relevant discovery record in

19  Department S-26 before the IDC.

20

21

22

23

24

25  Dated: ___7/30_____ , 2020.

26

27                                      **DAVID COHN**

28                                      David Cohn,
                                        Judge of the Superior Court

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino CA 924150210
--------------------------------------------------------------------
--------------------------------------------------------------------

CASE NO: CIVDS2013999

JAMES HAWKINS APLC
9880 RESEARCH DR
STE 800
IRVINE CA 92618


I M P O R T A N T   C O R R E S P O N D E N C E

From the above entitled court, enclosed you will find:

INITIAL COMPLEX ORDER AND GUIDELINES

--------------------------------------------------------------------
--------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 07/31/20
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 07/31/20 at San Bernardino, CA

BY: ALFIE CERVANTES
--------------------------------------------------------------------

M A I L I N G   C O V E R   S H E E T

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO

### JUDGE DAVID COHN
### DEPARTMENT S-26



### JUDGE JANET FRANGIE
### DEPARTMENT S-29

## THE SAN BERNARDINO COUNTY COMPLEX LITIGATION PROGRAM

The Complex Litigation Department for the Superior Court of the State of California, County of San Bernardino, is located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, CA 92415-0210. The Complex Litigation judges are Judge David Cohn, Department S-26, and Judge Janet Frangie, Department S-29. Telephone numbers for Department S-26 are 909-521-3519 (judicial assistant) and 909-708-8866 (court attendant). Telephone numbers for Department S-29 are 909-521-3461 (judicial assistant) and 909-521-3467 (court attendant)

These guidelines govern complex litigation only in Departments S-26 and S-29. When complex cases are assigned to other Departments, the judges may or may not choose to follow all or some of these guidelines.

## DEFINITION OF COMPLEX LITIGATION

As defined by California Rules of Court, rule 3.400(a), a complex case is one that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.

Updated June 16, 2020

Complex cases typically have one or more of the following features:

- A large number of separately represented parties.
- Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.
- A substantial amount of documentary evidence.
- A large number of witnesses.
- Coordination with related actions pending in one or more courts in other counties or states or in a federal court.
- Substantial post-judgment judicial supervision.

Complex cases may include, but are not necessarily limited to, the following types of cases:

- Antitrust and trade regulation claims.
- Construction defect claims involving many parties or structures.
- Securities claims or investment losses involving many parties.
- Environmental or toxic tort claims involving many parties.
- Mass torts.
- Class actions.
- Claims brought under the Private Attorney General Act (PAGA).
- Insurance claims arising out of the types of claims listed above.
- Judicial Council Coordinated Proceedings (JCCP).
- Cases involving complex financial, scientific, or technological issues.

## CASES ASSIGNED TO THE COMPLEX LITIGATION DEPARTMENT

### A. Cases Designated by a Plaintiff as Complex or Provisionally Complex

All cases designated by a plaintiff as complex or provisionally complex on the Civil Case Cover Sheet (Judicial Council Form CM-100) will be assigned initially to the Complex Litigation Department. The Court will issue an Initial Case Management Conference Order and schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for the earliest practicable date, generally within approximately seventy-five days of the filing of the complaint.

A plaintiff designating the case as complex or provisionally complex must serve the Initial Case Management Conference Order and a copy of these guidelines on all parties at the earliest opportunity before the conference, and must file proof of service of the summons and complaint and proof of service of the Initial Case Management Conference Order with the court.

A defendant who agrees that the case is complex or provisionally complex may indicate a "Joinder" on the Civil Case Cover Sheet (Form CM- 100).

A defendant who disagrees that the case is complex or provisionally complex may raise the issue with the court at the Initial Case Management Conference.

## B. Cases Counter-Designated By a Defendant as Complex or Provisionally Complex

All cases which were not designated by a plaintiff as complex or provisionally complex, but which are counter-designated by a defendant (or cross-defendant) as complex or provisionally complex on the Civil Case Cover Sheet (Judicial Council Form CM-100), will be re-assigned to the Complex Litigation Department. At such time, the Court will schedule an Initial Case Management Conference for the earliest practicable date, generally within approximately forty-five days. A defendant (or cross-defendant) counter-designating the case as complex or provisionally complex must serve a copy of these guidelines on all parties at the earliest opportunity.

A plaintiff or other party who disagrees with the counter-designation may raise the issue with the court at the Initial Case Management Conference.

## C. Other Cases Assigned to the Complex Litigation Department

Whether or not the parties designate the case as complex or provisionally complex, the following cases will be initially assigned to the Complex Litigation Department:

- All Construction Defect Cases.
- All Class Actions.
- All Cases Involving Private Attorney General Act (PAGA) Claims.[1]
- Judicial Council Coordinated Proceedings (JCCP) if so assigned by the Chair of the Judicial Council.

## REFERRAL TO THE COMPLEX LITIGATION DEPARTMENT BY OTHER DEPARTMENTS

A judge who is assigned to a case may, but is not required to, refer the case to the Complex Litigation Department to be considered for treatment as a complex case if (1) the case was previously designated by a party as complex or provisionally complex, or (2) the referring judge deems the case to involve issues of considerable legal, evidentiary, or logistical complexity, such that the case would be best served by assignment to the Complex Litigation Department. Such a referral is not a re-assignment, but is a referral for consideration.

In any case referred by another judge to the Complex Litigation Department, the Complex Litigation Department will schedule an Initial Case Management Conference, generally within thirty days, and will provide notice to all parties along with a copy of these guidelines. If the case is determined by the Complex Litigation Department to be appropriate for treatment as a complex case, the case will be re-assigned to the Complex Litigation Department at that time. If the case is determined by the Complex Litigation Department not to be complex, it will be returned to the referring judge.

---

[1]  The Civil Case cover Sheet (Judicial Council Form CM-100) may not reflect the presence of a PAGA claim.  PAGA claims erroneously assigned to non-complex departments are subject to re-assignment to the Complex Litigation Department by the assigned judge.

**Updated June 16, 2020**

## STAY OF DISCOVERY PENDING THE INITIAL CASE MANAGEMENT CONFERENCE

For cases that are assigned to the Complex Litigation Department, discovery is automatically stayed pending the Initial Case Management Conference, or until further order of the court. Discovery is not automatically stayed, however, for cases that were initially assigned to other departments and are referred to the Complex Litigation Department for consideration, unless the referring judge stays discovery pending determination by the Complex Litigation whether the case should be treated as complex.

## OBLIGATION TO MEET AND CONFER BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE

Prior to the Initial Case Management Conference, all parties are required to meet and confer to discuss the items specified in California Rules of Court, rule 3.750(b) , and they are required to prepare a Joint Statement specifying the following:

- Whether additional parties are likely to be added, and a proposed date by which any such parties must be served.
- Each party's position whether the case should or should not be treated as a complex.
- Whether there are applicable arbitration agreements.
- Whether there is related litigation pending in state or federal court.
- A description of the major legal and factual issues involved in the case.
- Any discovery or trial preparation procedures on which the parties agree. The parties should address what discovery will be required, whether discovery should be conducted in phases or otherwise limited, and whether the parties agree to electronic service and an electronic document depository and, if so, their preferred web-based electronic service provider.
- An estimate of the time needed to conduct discovery and to prepare for trial.
- The parties' views on an appropriate mechanism for Alternative Dispute Resolution.
- Any other matters on which the parties request a court ruling.

**The Joint Statement is to be filed directly in the Complex Litigation Department no later than four court days before the conference**. This requirement of a Joint Statement is not satisfied by using Judicial Council Form CM-110, pursuant to California Rules of Court, rule 3 .725(a), or by parties filing individual statements. Failure to participate meaningfully in the "meet and confer" process or failure to submit a Joint Statement may result in the imposition of monetary or other sanctions.

## THE INITIAL CASE MANAGEMENT CONFERENCE

At the Initial Case Management Conference, the court will determine whether the action is a complex case, as required by California Rules of Court, rule 3.403. If the court determines the case is complex, the court will issue further management-related orders at that time. If the court determines the case is not complex, the case may be retained by the judge, but not treated as a complex case, or it may be reassigned to a different department; if the case was referred by another judge and the case is found to be inappropriate for treatment as a complex case, the case will be returned to the

**Updated June 16, 2020**

referring judge.

At the Initial Case Management Conference, the court and counsel will address the subjects listed in California Rules of Court, rule 3.750(b), and all issues presented by the Joint Statement.

Once a case is deemed complex, the function of the Initial Case Management Conference and all subsequent Case Management Conferences is to facilitate discovery, motion practice, and trial preparation, and to discuss appropriate mechanisms for settlement negotiations.

Lead counsel should attend the Initial Case Management Conference. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if such counsel is fully informed about the case and has full authority to proceed on all issues to be addressed at the conference. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed.

## REMOTE APPEARANCES AT CASE MANAGEMENT CONFERENCES

Pending further order of the Court, all Case Management Conferences will be conducted remotely, via CourtCall, without in-person attendance of counsel or parties. CourtCall appearances are scheduled by telephoning CourtCall at (888) 882-6878. See www.CourtCall.com for further information.

## CASE MANAGEMENT ORDERS

The court may issue formal, written case management orders. Typically, complex construction defect cases will proceed pursuant to such an order. Other cases involving numerous parties or unusual logistical complexity may be appropriate for such a written order as well. The need for a written case management order will be discussed at the Initial Case Management Conference or at later times as the need arises. The parties will prepare such orders as directed by the court.

## ADDITIONAL CASE MANAGEMENT CONFERENCES

After the Initial Case Management Conference, the court will schedule additional case management conferences as necessary and appropriate on a case-by-case basis.

As with the Initial Case Management Conference, lead counsel should attend all case management conferences. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if such counsel is fully informed about the case and has full authority to proceed on all issues to be addressed. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. As with the initial Case Management Conference, until further order of the Court, all additional case management conferences are conducted remotely, via CourtCall.

## VOLUNTARY SETTLEMENT CONFERENCES

If all parties agree, the court is available to conduct settlement conferences. Requests for settlement conferences may be made at any Case Management Conference or hearing, or by telephoning the Complex Litigation Department.

Updated June 16, 2020

## MANDATORY SETTLEMENT CONFERENCES

In appropriate cases, the court may order mandatory settlement conferences. Parties with full settlement authority, including insurance adjustors with full settlement authority, must attend all mandatory settlement conferences.

## MANAGEMENT OF CLASS ACTIONS

In class actions and putative class actions that are deemed complex, the Initial Case Management Conference will function as the Case Conference required by California Rules of Court, rules 3 .762 and 3.763.

## OBLIGATION TO MEET AND CONFER REGARDING MOTIONS

In addition to any other requirement to "meet and confer" imposed by statute or Rule of Court in connection with motions, all counsel and unrepresented parties are required to "meet and confer" in a good faith attempt to eliminate the necessity for a hearing on a pending motion, or to resolve or narrow some of the issues. The moving party must arrange for the conference, which can be conducted in person or by telephone or video conference, to be held no later than four calendar days before the hearing. No later than two calendar days before the hearing, the moving party is required to file a notice in Department S-26, with service on all parties, specifying whether the conference has occurred and specifying any issues that have been resolved. If the need for a hearing has been eliminated, the motion may simply be taken off-calendar. Failure to participate meaningfully in the conference may result in the imposition of monetary or other sanctions.

The obligation to "meet and confer" does not apply to applications to appear *pro hac vice* or to motions to withdraw as counsel of record.

## FORMAT OF PAPERS FILED IN CONNECTION WITH MOTIONS

Counsel and unrepresented parties must comply with all applicable statutes, Rules of Court, and Local Rules regarding motions, including but not limited to their format. Additionally, exhibits attached to motions and oppositions must be separately tabbed at the bottom, so that exhibits can be easily identified and retrieved.

## ELECTRONIC SERVICE AND DOCUMENT DEPOSITORY

The parties in cases involving numerous parties or large quantities of documents are encouraged to agree to electronic service for all pleadings, motions, and other materials filed with the court as well as all discovery requests, discovery responses, and correspondence . Nevertheless, parties must still submit "hard" copies to the court of any pleadings, motions, or other materials that are to be filed.

## INFORMAL DISCOVERY CONFERENCES

The court is available for informal discovery conferences at the request of counsel. Such

**Updated June 16, 2020**

conferences may address the scope of allowable discovery, the order of discovery, issues of privilege, and other discovery issues that may arise. Counsel may contact the Complex Litigation Department to schedule an informal conference.

Before filing any discovery motion, the moving party is required to "meet and confer" with counsel as required by statute. If the "meet and confer" exchange fails to resolve all issues, the moving party is **required** to request an informal conference with the court before filing any discovery motion. Making a request for an informal discovery conference automatically stays the deadline for filing a motion.

Informal Discovery Conferences are conducted remotely, via the BlueJeans Video Conferencing. Attendees will need to download the BlueJeans program (available from the app stores for IOS or Android) to a computer, laptop, tablet, or smartphone. If the device to be used does not have camera capability, the BlueJeans application offers an audio-only option. Video appearance, however, is encouraged. Counsel will be provided with a link to connect to the conference at the appointed time.

Briefing is not required, though each counsel should lodge (not file) a one-page statement of the issues in dispute in the Department before the informal discovery conference.

## CONFIDENTIAL DOCUMENT AND PROTECTIVE ORDERS

Proposed protective orders dealing with confidential documents should state expressly that nothing in the order excuses compliance with California Rules of Court, rules 2 ,550 and 2.551. Proposed protective orders that are not compliant with the requirements of the Rules of Court will be rejected.

## THE PRETRIAL CONFERENCE

The court will schedule a pre-trial conference, generally thirty to sixty days in advance of the trial. Counsel and the court will discuss the following matters, which counsel should be fully informed to address:

- Whether trial will be by jury or by the court.
- Anticipated motions *in limine* or the need for other pre-trial rulings.
- The anticipated length of trial.
- The order of proof and scheduling of witnesses, including realistic time estimates for each witness for both direct and cross-examination.
- If there is a large number of anticipated witnesses, whether counsel wish to have photographs taken of each witness to refresh the jury's recollection of each witness during closing argument and deliberation.
- Whether deposition testimony will be presented by video.
- The need for evidentiary rulings on any lengthy deposition testimony to be presented at trial.
- Stipulations of fact.
- Stipulations regarding the admission of exhibits into evidence.
- If there is a large amount of documentary evidence, how the exhibits will be presented in a meaningful way for the jury.
- The use of technology at trial, including but not limited to electronic evidence.

• Any unusual legal or evidentiary issues that may arise during the trial.

## THE TRIAL READINESS CONFERENCE

Trial Readiness Conferences are held at 10:00 a.m., typically on the Thursday morning preceding the scheduled trial date. Counsel and unrepresented parties must comply fully with Local Rule 411.2, unless otherwise directed by the court. Failure to have the required materials available for the court may result in the imposition of monetary or other sanctions.

## TRIALS

Trial dates are generally Monday through Thursday, 11:00 a.m. to 12:00 p.m, and 1:30 p.m. to 4:30 p.m. Lengthy trials, however, may require deviation from this schedule. Unless otherwise ordered by the court, counsel and unrepresented parties must be present in the courtroom at least ten minutes before each session of trial is scheduled to begin.

Whenever possible, issues to be addressed outside the presence of the jury should be scheduled in a manner to avoid the need for the jury to wait.

                    Updated June 16, 2020